**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**DEANTE DRAKE,**

    **Petitioner,**

v.                                              **Civil Action No. 1:13cv253**
                                                **Criminal Action No. 1:07cr53**
                                                **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## REPORT AND RECOMMENDATION

On November 22, 2013, the *pro se* petitioner filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Dkt.# 308). The Clerk of Court issued a deficiency notice, directing petitioner to file his petition on a court-approved form. On December 5, 2013, petitioner complied. On December 13, 2013, petitioner filed a letter motion to supplement his §2255 petition. This case is before the undersigned for a report and recommendation pursuant to LR PL P 2.

### I. Procedural History

**A. Conviction and Sentence**

On January 9, 2008, petitioner signed a plea agreement, agreeing to plead guilty to Count One of a five-count superseding indictment; possession with intent to distribute and distribute 50 grams or more of cocaine base, a/k/a "crack" cocaine, in violation of Title 21, U.S.C. § § 841(a)(1) and 841(b)(1)(A), and 846.[1] The parties stipulated and agreed that petitioner's total

---

[1] Dkt.# 141.

1

drug relevant conduct was at least fifty (50) grams but less than one hundred fifty (150) grams of cocaine base, and that petitioner was a career offender under §451.1 of the Guidelines. (Id. at 2 - 3). In the plea agreement, the petitioner conditionally waived his right to appeal and to collaterally attack his sentence.[2]

On May 12, 2008, petitioner was sentenced to a total term of 292 months imprisonment, the lowest end of the Guideline range, with credit for time served since May 9, 2007, to be followed by five years' supervised release.

**B.**     **Direct Appeal**

Petitioner timely appealed. On March 16, 2009, the Fourth Circuit Court of Appeals affirmed in part and dismissed in part the district court's judgment in an unpublished *per curiam* opinion.[3] Petitioner did not petition for writ of *certiorari* with the United States Supreme Court.

**C.**     **First §2255 Motion**

Petitioner filed his first motion to vacate under §2255 on August 28, 2009, raising five grounds for relief. (Dkt.# 223). On January 27, 2011, the magistrate judge issued a Report and

---

[2] Specifically, the agreement states:

> 12. The above paragraph notwithstanding, the defendant will retain his appellate rights and rights to collaterally attack his sentence only with respect to any sentence imposed using a base offense level 38 or higher. This reservation of rights is designed to ensure that the United States and the defendant retain the benefits of the plea agreement. It is not intended to represent the defendant's estimation of what an appropriate or reasonable sentence would or should be. Nor does this reservation of rights prevent the defendant from arguing for a sentence below the aforementioned adjusted Guideline offense levels. The United States will retain the right to appeal any sentence imposed.

(Id. at 4). At sentencing, petitioner was found to have a Total Offense Level of 35, thus, his appellate and collateral attack rights were waived. See Dkt.# 166 at 1.

[3] The Fourth Circuit concluded that petitioner's appeal was barred by his waiver of appellate rights, except for his claim that his sentence was impermissibly based upon race, which had no merit. (Dkt.# 202).

2

Recommendation ("R&R"), recommending that petitioner's §2255 motion be denied. (Dkt.# 245). On March 21, 2011, the Court entered an Order adopting the R&R and dismissing the §2255 motion. (Dkt.# 251). Petitioner did not appeal, but on April 12, 2011, he filed a Motion to Make Additional Findings and Motion to Alter or Amend Pursuant to Fed.R.Civ.P. 52(b) and 59(e). (Dkt.# 255). By Order entered July 14, 2011, the motion was denied. (Dkt.# 256). Petitioner timely appealed to the Fourth Circuit Court of Appeals. On February 13, 2012, by unpublished *per curiam* opinion, the appeal was dismissed. (Dkt.# 267). Petitioner petitioned for rehearing and rehearing *en banc*; the petition was denied on April 17, 2012. Mandate issued on April 12, 2012. Twenty and one half months later, on December 26, 2013, petitioner moved to recall the mandate.[4] On February 12, 2014, that motion was denied.

## D. Second §2255 Motion

Petitioner's rambling petition appears to assert that he is entitled to retroactive application of the United States Supreme Court's decision in <u>Descamps v. United States</u>, __ U.S. __, 133 S. Ct. 2276 (2013), because he has newly-discovered that he is actually innocent of the "aggravated crime" of "Career Offender." Further, he contends that because this court failed to notify him of the statutory restrictions on second or successive §2255 motions when he filed his first §2255 motion he is entitled to file a second.[5] Alternatively, he contends that because this court failed to

---

[4] (4th Cir. Dkt.# 13)(11-7131).

[5] In support of this, petitioner relies in error on <u>United States v. Joseph</u>, 455 Fed. Appx. 341 (4th Cir. 2011), where it was held that before a district court recharacterizes a motion that a *pro se* federal prisoner has labeled differently, as his first §2255 motion, the court must notify that litigant that it intends to recharacterize the pleading; warn that such recharacterization will cause any subsequent §2255 motion to be subject to the restrictions on "second or successive" motions; and provide the litigant an opportunity to withdraw or amend the motion so that it contains all the §2255 claims he believes he has. If the district court fails to so warn, the motion cannot be considered to have become a §2255 motion for purposes of applying "second or successive" restrictions to any of the *pro se* prisoner's later motions. <u>United States v. Joseph</u>, 455 Fed. Appx. 341 (4th Cir. 2011) *quoting* <u>Castro v. United States</u>, 540 U.S. 375, 383 (2003).

3

provide him with the opportunity to withdraw his first §2255 in order to "file one all-inclusive motion containing all of the claims he believes he has[,]" that "[f]ailure to provide such notice prevents the prior §2255 frim [sic] counting [sic] as a first §2255 motion for second or successive purposes." (Dkt.# 314-2 at 7). While petitioner's 20-page memorandum argues sentencing enhancement issues and a Descamps claim, it fails to provide any argument for the four grounds stated in his court-approved petition, that:

1) counsel was ineffective on a prior conviction issue;

2) his plea was invalid;

3) counsel failed to follow §2255 procedures in evaluating prior convictions; and

4) another claim, which petitioner does not identify, but merely refers the reader to the "Attached Petition & Memorandum in Support." [6]

As relief, he requests that the court grant his petition and vacate the May 12, 2008 judgment that deemed him a career offender.

## II. Analysis

### Second and Successive §2255 Motions Prohibited

Section §2255 provides as follows regarding a second or successive motion:

A second or successive motion must be certified as provided in §2255 by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

---

[6] In the attached petition, there are no grounds listed by number, and no mention of the claims made. Nowhere does petitioner explain what Ground Four was intended to be.

4

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255.

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F. 3d 370 (4th Cir. 2002). The petitioner's first § 2255 motion was considered and dismissed on the merits. Accordingly, the undersigned finds petitioner's current § 2255 motion is a successive motion.

Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file his successive §2255 motion in this Court.[7] Therefore, pursuant to 28 U.S.C. §2244 and §2255, the Court has no jurisdiction over this matter and must either dismiss the motion for lack of jurisdiction or transfer it to the Fourth Circuit Court of Appeals so that it may perform its "gatekeeping function under §2244(b)(3)." See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

Consequently, without addressing the merits of petitioner's claims, the undersigned recommends that petitioner's §2255 motion be denied with prejudice as untimely and for lack of jurisdiction.

## III. Conclusion

---

[7] Pursuant to 28 U.S.C. 2244(b), a petitioner must move in the appropriate court of Appeals for an order authorizing the district court to consider his application for a second or successive writ of habeas corpus, and such writ will only be granted by a three-judge panel of the appeals court if the application makes a *prima facie* showing that the application does not present a claim already presented in a prior application, unless it relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence, that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

For the reasons set forth in this opinion, the undersigned recommends that the Court enter an Order **DENYING** the petitioner's § 2255 motion (Dkt.# 308 and 314) and **DISMISSING this case with prejudice.**

Further, the undersigned recommends that petitioner's letter motion to supplement his §2255 petition (Dkt.# 319) be **DENIED as moot.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, **or by March 4, 2014,** any party shall file with the Clerk of the Court written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: February 18, 2014

     /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE