IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DEANTE DRAKE,**

        Petitioner,

v.                 //     CIVIL ACTION NO. 1:13CV253
                         CRIM. ACTION NO. 1:07CR53
                            (Judge Keeley)

**UNITED STATES OF AMERICA,**

        Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 7],
OVERRULING OBJECTIONS [DKT. NO. 10], DENYING § 2255
MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

Pending before the Court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. No. 1) filed by the petitioner, Deante Drake ("Drake"). Also pending are the Report and Recommendation ("R&R") of the Honorable James E. Seibert, United States Magistrate Judge, recommending that Drake's § 2255 motion be denied (Dkt. No. 7). For the reasons that follow, the Court **ADOPTS** the R&R, **OVERRULES** Drake's objections, **DENIES** Drake's § 2255 motion, and **DISMISSES** this case **WITH PREJUDICE**.

**I. BACKGROUND**

On January 9, 2008, Drake pleaded guilty in this Court to one count of conspiracy to possess with intent to distribute and to distribute fifty grams or more of cocaine base (Dkt. No. 7 at 1).[1] As part of the parties' plea agreement, they stipulated that Drake

---

[1] Case No. 1:07CR53.

**DRAKE V. UNITED STATES** 1:13CV253

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 7], OVERRULING OBJECTIONS [DKT. NO. 10], DENYING § 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

was a career offender under § 4B1.1 of the United States Sentencing Guidelines, and that his total drug relevant conduct was between 50 and 150 grams of cocaine base. Id. at 2. Drake also waived his right to directly and collaterally attack his sentence.[2] Id.

On May 12, 2008, the Court sentenced Drake to 292 months of imprisonment, the lowest end of the applicable guideline range, to be followed by five years of supervised release. Id. Drake appealed, and on March 16, 2009, the United States Court of Appeals for the Fourth Circuit affirmed in part and dismissed in part. United States v. Deante Drake, 318 Fed. Appx. 247 (4th Cir. 2009) (per curiam) (unpublished). The Fourth Circuit held that Drake's appeal was barred by his waiver of his appellate rights, except for his claim that his sentence was impermissibly based on race, but nonetheless found that Drake's claim of racial bias was unpersuasive. Id. at 248.

On August 28, 2005, Drake filed his first § 2255 motion (Dkt. No. 7 at 2).[3] The Court dismissed Drake's petition on March 21, 2011, adopting the R&R of Magistrate Judge John Kaull. Id. at 3.

---

[2] Drake retained his appellate rights only with respect to a sentence imposed using a base offense level of 38 or higher. Drake's total offense level was 35 (Dkt. No. 7 at 2).

[3] Case No. 1:09CV128.

2

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 7],
OVERRULING OBJECTIONS [DKT. NO. 10], DENYING § 2255
MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

On April 12, 2011, Drake filed a motion to make additional findings and to alter or amend pursuant to Fed. R. Civ. Pro. 52(b) and 59(e), which the Court denied on July 14, 2011. Id. Drake filed an untimely appeal to the Fourth Circuit, which was denied on February 13, 2012. United States v. Deante Drake, 464 Fed. Appx. 126 (4th Cir. 2012) (per curiam) (unpublished). The Fourth Circuit denied Drake's petitions for rehearing and rehearing en banc, and his petition to recall the mandate (Dkt. No. 7 at 3).

On November 22, 2013, Drake filed a second § 2255 petition, asking the Court to overturn his conviction in light of the decision of the Supreme Court of the United States in Descamps v. United States, __ U.S. __, 133 S.Ct. 2276 (2013), because he is "actually innocent" of the "aggravated crime" of being a career offender (Dkt. No. 1).

He contends that, because the Court failed to notify him of the statutory restrictions surrounding second or successive § 2255 motions pursuant to Castro v. United States, 540 U.S. 375, 383 (2003), he is entitled to file a second motion. Id. Although Drake advances four grounds in his court-approved petition, he fails to provide any argument for those grounds in his memorandum of law (Dkt. No. 5). Drake has filed three motions seeking leave

**DRAKE V. UNITED STATES**                                          1:13CV253

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 7],
OVERRULING OBJECTIONS [DKT. NO. 10], DENYING § 2255
MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

to supplement his petition, which the Court has granted (Dkt. No. 15).

On February 18, 2014, Magistrate Judge James Seibert issued his R&R, recommending that the Court dismiss Drake's petition as second and successive (Dkt. No. 7). Drake filed objections on March 5, 2014, arguing that his first § 2255 petition should not "count," because this Court failed to give him "the notice required" by Castro, 540 U.S. at 383, 124 S.Ct. at 786 (Dkt. No. 10 at 1-2).

## II. § 2255 STANDARD

Title 28 U.S.C. § 2255(a) permits federal prisoners, who are in custody, to assert the right to be released if "the sentence was imposed in violation of the Constitution or laws of the United States," if "the court was without jurisdiction to impose such sentence," or if "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." A petitioner bears the burden of proving any of these grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

A district court may not hear a second or successive motion under § 2255 unless it is certified by a three-judge panel of the

**DRAKE V. UNITED STATES**                                                      1:13CV253

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 7],
OVERRULING OBJECTIONS [DKT. NO. 10], DENYING § 2255
MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

appropriate circuit court. 28 U.S.C. §§ 2244(3)(B), 2255(h). The three-judge panel must certify that the second or successive motion contains

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.

28 U.S.C. § 2255(h).

Not every numerically second petition is "second or successive" within the meaning of § 2255(h). See, e.g., United States v. Hairston, 754 F.3d 258, 262 (4th Cir. 2014); In re Williams, 444 F.3d 233, 234 (4th Cir. 2006). When a petitioner makes a "newly available" claim based on a new rule of constitutional law, however, such a petition is successive under § 2244(b)(2)(A). Garcia v. Quarterman, 573 F.3d 214, 221 (5th Cir. 2009). In addition, for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F.3d 370, 379-80 (4th Cir. 2002), abrogated on other grounds by Skinner v. Switzer, 131 U.S. 1289. 131 S.Ct. 1289 (2011).

5

**DRAKE V. UNITED STATES**   1:13CV253

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 7],
OVERRULING OBJECTIONS [DKT. NO. 10], DENYING § 2255
MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

**III. DISCUSSION**

Drake argues that, because the Court failed to notify him of the statutory restrictions on filing a second or successive motion when he filed his first § 2255 motion, he is entitled to file a second (Dkt. No. 10 at 1). In Castro v. United States, the Supreme Court held that, when a district court recharacterizes a pro se petitioner's motion as a first § 2255 motion, it must notify the petitioner that it intends to recharacterize the pleading, warn the petitioner that he will be subject to the statutory restrictions on "second or successive" motions, and give the petitioner the opportunity to withdraw or amend his motion so that it contains all of his § 2255 claim. 540 U.S. at 383, 124 S.Ct. at 792. If the Court fails to provide the notice mandated by Castro, the petitioner's first § 2255 motion cannot be considered for the purposes of applying the "second or successive" bar to later motions. Id.

The situation in Castro is inapposite to the instant case. There, the district court had recharacterized a petitioner's pleading as a § 2255 motion. Id. Here, this Court did not recharacterize Drake's first § 2255 motion (Case No. 1:09CV128, Dkt. No. 1). Drake styled his motion as a "Motion Under § 2255 to

6

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 7], OVERRULING OBJECTIONS [DKT. NO. 10], DENYING § 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." Id. It is well-established that the Court need not give every pro se litigant who files a § 2255 motion notice and the opportunity to amend his motion, but merely those whose petitions the Court recharacterizes as a motion under § 2255. See Castro, 540 U.S. at 383, 124 S.Ct. at 792. Drake's first § 2255 motion was dismissed on the merits (Case No. 1:09CV128, Dkt. No. 22). Harvey, 278 F.3d at 379-80. The instant motion is therefore numerically second (Dkt. No. 1).

Most importantly, Drake seeks relief based upon a "new rule" of constitutional law (Dkt. No. 1 at 1). He argues that, in light of the Supreme Court's decision in Descamps v. United States, __ U.S. __, 133 S.Ct. 2276 (2013), this Court's decision deeming him a career offender was improper, and that he is "actually innocent of the 'aggravated crime' of 'Career Offender.'" (Dkt. No. 1 at 1-2). It is well-established that such a petition is successive under § 2244(b)(2)(A). Garcia, 573 F.3d at 221 ("Indeed, [such petitions are] the reason why [court of appeals] authorization is needed to obtain review of a successive petition.").

Drake did not seek permission from the Fourth Circuit to file his second and successive § 2255 motion. Therefore, the Court must

**DRAKE V. UNITED STATES** 1:13CV253

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 7], OVERRULING OBJECTIONS [DKT. NO. 10], DENYING § 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

dismiss his petition for lack of jurisdiction without addressing the merits.

### IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Drake has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, the Court concludes that Drake has failed to make the requisite showing, and **DENIES** a certificate of appealability.

**DRAKE V. UNITED STATES** 1:13CV253

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 7], OVERRULING OBJECTIONS [DKT. NO. 10], DENYING § 2255 MOTION [DKT. NO. 1], AND DISMISSING CASE WITH PREJUDICE**

## V. CONCLUSION

Therefore, for the reasons discussed, the Court **ADOPTS** the R&R, **OVERRULES** Drake's objections, **DENIES** Drake's § 2255 motion, and **DISMISSES** this case **WITH PREJUDICE**.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record and the pro se petitioner, certified mail, return receipt requested, to enter a separate judgment order, and to remove this case from the active docket.

DATED: February 6, 2015.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE